PRICE, Judge.
Deborah Smith Greenwood has appealed from the judgment rejecting her demand for a separation from bed and board on grounds of cruel treatment and habitual intemperance on the part of her husband, Steven D. Greenwood.
This young couple was married on November 24, 1973. The one child of this marriage was six months old at the time of their separation. Plaintiff moved from the matrimonial domicile in Shreveport on April 21, 1976, because of the defendant’s alleged ill treatment of her and the child.
No useful purpose would be served by reciting in detail the allegations made by the parties against each other in this appellate opinion.
The most serious accusation made by plaintiff is that her husband has physically abused her on many occasions, and this mistreatment culminated on the morning of April 16, 1976, when defendant allegedly struck plaintiff about the arms and body while in a rage. Defendant denies having *611 physically attacked plaintiff although admitting they have had several violent domestic quarrels. Plaintiff contends she had bruises and contusions on several occasions which were observed by her family. Plaintiff’s mother testified she had seen bruises on her daughter, but plaintiff had never told her at the time defendant was the cause of the marks.
Plaintiff’s allegation of defendant’s excessive use of alcohol, and occasional use of drugs and marijuana are not supported by the evidence.
There is, at most, proof of the consumption of moderate amounts of beer on a regular basis. The use of a caffeine derivative drug was temporary to enable defendant to adjust to a night shift in his employment. There is no probative evidence of use of marijuana.
The trial judge evaluated the conflicting testimony relating to the acts of cruel treatment, and concluded plaintiff had failed to carry the burden of proof required of her to prove her demands by a fair preponderance of the evidence. We find no abuse of the wide discretion vested in the trial judge in resolving factual questions involving the credibility of witnesses, and affirm the judgment.
Costs of this appeal are assessed to appellant.